IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOURDES A. ACASIO,

Plaintiff,

v.

GUITTARD CHOCOLATE CO., and WAREHOUSE UNION LOCAL 6, ILWU,

Defendants.
_______________________________/

No. C 10-03003 WHA

**ORDER REGARDING PLAINTIFF'S THIRD POST-DISMISSAL SUBMISSION**

In this settled and closed case, plaintiff, proceeding *pro se*, has submitted a document captioned: "Motion for Reconsideration / Motion to Amend or Alter the Judgment / Motion & Amending the Settlement Before Mistrial & Unfair Settlement Put A Side / Motion & Ameding No Counterclaims and Fine Fee Same Event I Got a Serious Mental Emotional Distress Cause Injured of Termination / Motion for Considerations [sic]."

As stated in prior orders, prior to settlement and dismissal of this action plaintiff had pro bono counsel. She executed a settlement agreement before Judge Chen and in writing, and she executed a voluntary dismissal pursuant to that settlement.

After the case was closed, plaintiff filed a letter expressing unhappiness with her settlement and requesting that her case be reopened. Plaintiff was notified that if she wanted to seek the requested relief, her counsel must file a motion to set aside the dismissal and reopen the case; or, if plaintiff wished to file such motion herself, she must request withdrawal of her counsel in order to proceed *pro se*. Pro bono counsel withdrew by consent. Plaintiff then filed

a submission titled "Motion to extend time asking court to gave more time, submit my brief on a motion. Amending a settlement. No counterclaim same event lawsuit filed [sic]." The submission was hard to understand, but it appeared that plaintiff was still unhappy with her settlement.

Plaintiff was given more time to file a proper motion with proper declarations under penalty of perjury to set aside the settlement. She then filed the instant submission.

This order interprets plaintiff's new submission as a motion for relief from the settlement. Plaintiff's new submission is hard to understand. It only addresses her request for an order setting aside the settlement and dismissal in the following conclusory instances:

- "I'm requesting to the court that put my settlement a right and fair justice to me with person w/ disabilities [sic]" (Br. 4).
- "[T]he settlement before not enough to re-pay that cause of that amount I hope the Federal court of hearing will help my case and claims [sic]" (Br. 7).
- "[T]he settlement not fair settlement and not satisfied and unhappy I want give me to satisfied me so I will be happy and satisfied the damage they did to me of my life . . . I been push to get the settlement plus I'm confuse and don't have a decision because of my illness [sic]" (Br. 8).
- "Motion for relief from judgment or order of Judge Chen[]. Motion a new trial because push me to get the settlement which I don't like it [sic]" (Br. 8).

Plaintiff did not submit declaration(s) under penalty of perjury in support of her submission.

Plaintiff has not demonstrated any grounds to set aside the settlement and dismissal, such as any of the reasons set forth in FRCP 60(b). Generally, "a litigant can no more repudiate a compromise agreement than he could disown any other binding contractual relationship." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) (citations omitted). An oral settlement agreement consummated by the parties on the record in open court binds the parties no less than would a written agreement, and here we have both. The Court has reviewed the recording of proceedings before Judge Chen and it is clear that plaintiff entered a voluntary, valid, binding agreement to settle all claims in this action. Plaintiff has provided no cause to be

United States District Court
For the Northern District of California

relieved therefrom; this is simply a case of buyer's remorse. Plaintiff's motion for relief from the settlement is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: July 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE