IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOURDES A. ACASIO,

    Plaintiff,

  v.

GUITTARD CHOCOLATE CO., and
WAREHOUSE UNION LOCAL 6, ILWU,

    Defendants.

No. C 10-03003 WHA

**ORDER TO REVOKE IN FORMA PAUPERIS ON APPEAL**

    Plaintiff has settled this case. Prior to settlement and dismissal of this action plaintiff had pro bono counsel. She executed a settlement agreement before Judge Chen in writing, and she executed a voluntary dismissal pursuant to that settlement.

    After the case was closed, plaintiff filed a letter expressing unhappiness with her settlement and requesting that her case be reopened. Plaintiff was notified that if she wanted to seek the requested relief, her counsel must file a motion to set aside the dismissal and reopen the case; or, if plaintiff wished to file such motion herself, she must request withdrawal of her counsel in order to proceed *pro se*. Pro bono counsel withdrew by consent. Plaintiff then filed a submission titled "Motion to extend time asking court to gave more time, submit my brief on a motion. Amending a settlement. No counterclaim same event lawsuit filed [sic]." The submission was hard to understand, but it appeared that plaintiff was still unhappy with her settlement.

Plaintiff was given more time to file a proper motion with proper declarations under penalty of perjury to set aside the settlement. Plaintiff did not demonstrate any grounds to set aside the settlement and dismissal, such as any of the reasons set forth in FRCP 60(b). Generally, "a litigant can no more repudiate a compromise agreement than he could disown any other binding contractual relationship." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) (citations omitted). Thus, plaintiff's motion for relief from the settlement was denied.

Plaintiff's appeal is not taken in "good faith," therefore the informa pauperis status should be **REVOKED**. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: September 26, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2